UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DRAUGHN KOONCE, INDIVIDUALLY** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 23-702 |
| | * | |
| **BOYD RACING, L.L.C. D/B/A DELTA** | * | |
| **DOWNS RACETRACK CASINO AND** | * | JUDGE |
| **HOTEL, W. G. YATES & SONS** | * | |
| **CONSTRUCTION COMPANY, AND THE** | * | |
| **TRAVELERS INDEMNITY COMPANY** | * | MAG. JUDGE |
| | * | |
| | * | |

*******************************************

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel, and for answer to the Petition for Damages of plaintiff, Draughn Koonce, avers upon information and belief as follows:

### FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Alternatively, and for answer to the specific numbered paragraphs of plaintiff's Petition, Defendant avers as follows:

1.

With respect to the allegations of Paragraph 1, Defendant admits that Boyd Racing is a limited liability company doing business in Louisiana. All other allegations contained in Paragraph 1 of the Petition are denied as written for lack of sufficient information upon which

1

to justify a reasonable belief as to the truth thereof.

2.

With respect to the allegations of Paragraph 2, Defendant admits that a person believed to be plaintiff fell on 14 April 2022 at Delta Downs near the Gator Grill.

3.

Defendant denies the truth of the allegations contained in Paragraphs 3 and 4 of the Petition for lack of sufficient information upon which to justify a reasonable belief as to the truth thereof.

4.

With respect to the allegations of Paragraphs 5, 6 and 7, Defendant admits that a person believed to be plaintiff fell on 14 April 2022 at Delta Downs near the Gator Grill when he entered a cordoned off area by a floor to ceiling tarpaulin installed by defendant W.G. Yates & Sons Construction Company ("Yates") and fell. All other allegations contained in Paragraphs 5, 6 and 7 of the Petition are denied as written for lack of sufficient information upon which to justify a reasonable belief as to the truth thereof.

5.

With respect to the allegations of Paragraph 8, Defendant admits that it contracted with Yates to perform a certain construction project at Delta Downs that was in progress at the time plaintiff fell. All other allegations contained in Paragraph 8 of the Petition are denied as written.

6.

Defendant denies the truth of the allegations contained in Paragraph 9 and 10 of the Petition.

7.

With respect to the allegations contained in Paragraph 11 Defendant admits that under the terms of its contract with Yates, Yates was responsible for the construction site's safety. All other allegations contained in Paragraph 11 of the Petition are denied as written.

8.

Defendant denies the truth of the allegations contained in Paragraph 12 of the Petition.

9.

Defendant denies the truth of the allegations contained in Paragraph 13 of the Petition for lack of sufficient information upon which to justify a reasonable belief as to the truth thereof.

10.

Defendant denies the truth of the allegations contained in Paragraph 14 of the Petition.

11.

Paragraph 15 of the Petition does not contain allegations that require an answer of Defendant, as it calls for a legal conclusion; however, to the extent this Court requires an answer, Defendant denies the truth of the allegations contained in Paragraph 15 of the Petition.

12.

Paragraph 16 of the Petition does not contain allegations that require an answer of Defendant, as it calls for a legal conclusion; however, to the extent this Court requires an answer, Defendant denies the truth of the allegations contained in Paragraph 16 of the Petition for lack of sufficient information upon which to justify a reasonable belief as to the truth thereof.

13.

Defendant denies the truth of the allegations contained in Paragraph 17 of the Petition.

14.

Defendant denies the truth of the allegations contained in Paragraphs 18 of the Petition for lack of sufficient information upon which to justify a reasonable belief as to the truth thereof.

15.

Defendant admits the truth of the allegations contained in Paragraph 19 of the Petition.

16.

Defendant denies the truth of the allegations contained in Paragraphs 20 and 21 of the Petition.

17.

Any and all allegations contained in any unnumbered, misnumbered, or introductory paragraphs or prayer for relief of the Petition are denied, except to admit the plaintiff alleges that he is an individual of the full age of majority and a resident of Calcasieu Parish, Louisiana.

## FOURTH DEFENSE

Defendant maintains that if plaintiff sustained any injuries in the manner alleged in the Petition, then his injuries were solely caused by, or contributed to by, his own negligence, fault, failure to perform duties, inattention to duty, or want of due care.

## FIFTH DEFENSE

Defendant specifically alleges that at no time was it or any of its employees in any way negligent in causing plaintiff's alleged injuries and, if any party was responsible for plaintiff's alleged injuries, other than plaintiff, it was a party or parties for whom Defendant is not

responsible.

## SIXTH DEFENSE

Defendant avers that plaintiff's damages, if any, arose as a result of a pre-existing and/or subsequent mental and/or physical condition, which was neither caused by nor aggravated by any acts or omissions of Defendant herein, and which serves to bar, reduce, or otherwise mitigate any recovery by plaintiff.

## SEVENTH DEFENSE

Defendant avers that plaintiff has failed to mitigate his alleged damages.

## EIGHTH DEFENSE

Defendant pleads all defenses under the Louisiana Merchant Statute and La. C.C. arts. 2315, 2317 and 2322.  More particularly, Defendant maintains that the alleged accident was not caused by a condition that presented an unreasonable risk of harm, and even if it was, Defendant did not create and had no sufficient notice of the condition alleged by plaintiff to have caused his accident and injuries or the opportunity to correct same.

## NINTH DEFENSE

Defendant further pleads that if an unreasonable risk of harm existed, which is specifically denied, such risk of harm was both foreseeable and open and obvious to plaintiff.

## TENTH DEFENSE

Defendant specifically requests a trial by jury.

**WHEREFORE**, premises considered, Defendant, Boyd Racing, L.L.C., prays that its answer be deemed good and sufficient, and that after due proceedings are had, there be judgment in its favor, dismissing plaintiff's Petition, with prejudice, at plaintiff's costs, and for all other general and equitable relief to which it is entitled, and this Honorable Court is

competent to grant.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
GAMBEL & TOMPKINS

  /s/ John H. Musser, V
John H. Musser, V (#22545)
jmusser@mrsnola.com
Tarryn E. Walsh (#36072)
twalsh@mrsnola.com
Brittney I. Esie (#39174)
besie@mrsnola.com
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone:   (504) 523-0400
Facsimile:   (504) 523-5574
***Attorneys for Defendant, Boyd Racing, L.L.C., d/b/a Delta Downs Racetrack Casino and Hotel***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 26 May 2023, served a copy of the foregoing pleading on all counsel of record, either by operation of the Court's CM/ECF system, by hand, by email, by telefax or by placing same in the United States mail, properly addressed, and first-class postage prepaid.

           /s/ John H. Musser, V

4854-5697-3670, v. 1